IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **JAMES BROWN** and **CRAIG OWENS,** | )<br>)<br>) |
| *Plaintiffs,* | )<br>) |
| *v.* | ) CIVIL ACTION NO.<br>) 1:13-cv-01807-WSD-WEJ |
| **COBB COUNTY, GEORGIA** and **JOHN R. HOUSER, Chief of the Cobb County Police Department, In his individual capacity,** | )<br>)<br>)<br>)<br>) |
| *Defendants.* | ) |

## **STIPULATED CONFIDENTIALITY ORDER**

Plaintiffs James Brown and Craig Owens ("Plaintiffs") and Defendants Cobb County, Georgia and John R. Houser, Chief of the Cobb County Police Department, in his individual capacity ("Defendants"), through counsel, hereby stipulate and agree to a Confidentiality Order as follows.

Compliance with discovery in this case may involve review of confidential or proprietary information of the parties and of non-parties to this action. In order to protect the legitimate privacy interests of the parties and non-parties, as well as to provide counsel certain documents potentially relevant to the subject matter of this action, the parties agree to the following:

1

1. The following is designated as "Confidential Information":

(a) All information from documents in the personnel files of Cobb County and Cobb County Police Department ("CCPD") employees and former employees, including, but not limited to, wage or salary information, federal and state income tax documents, disciplinary notices, performance evaluations, termination notices, and termination records.

(b) Any payroll information for any Cobb County and CCPD employees and former employees.

(f) Other documents or information that any party in good faith expressly and in writing designates as "Confidential Information" because they contain sensitive personal, private, or medical information of employees.

2. Documents designated as "Confidential Information" shall be used only in connection with this case and may not be disclosed wholly, in part, or in substance to persons not parties to this lawsuit except as set forth in this Order.

3. Access to these protected materials shall be limited solely to: (a) the parties; (b) their attorneys of record; (c) the support and clerical personnel of the attorneys; (d) outside consultants and expert witness(es) and their staffs; (e) vendors providing copy or other services (such as retrieval of electronic information) who are hired by the parties for the purpose of this litigation; (f) witnesses interviewed or deposed by a party's representative or counsel, but only

to the extent that the witness has a legitimate need to know the content of Confidential Information; (g) stenographic reporters and videographers engaged for depositions or other necessary proceedings in this lawsuit; and (h) the Court and Court personnel, including jurors at any trial of this case. To the extent that Confidential Information is disclosed to the persons identified in (d) through (g) above, each such person to whom disclosure is made of any such documents shall read this Order and shall agree in writing to be bound by this Order by executing the statement annexed hereto as Exhibit A prior to any such disclosure.

4. For documents produced after the execution of this Stipulation, an inadvertent failure to designate qualified information Confidential Information does not, standing alone, waive the designating party's right to secure protection under this Stipulation. If material is appropriately designated as Confidential Information after the material is initially produced, the receiving party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5. Any information designated as Confidential Information under this Order shall, when filed with the Court, be clearly marked "Confidential."

6. Any documents, exhibits or other materials (or portions thereof) which are to be designated as Confidential Information as of the date of this Stipulation and pursuant to the terms hereof, shall be marked on the front page of a

3

multi-page document and on each applicable single page document with a stamp or written statement clearly indicating that it is regarded as containing Confidential Information; or as to voluminous productions, they may be marked in any other manner agreeable to all counsel that will assure that the documents can be clearly identified as Confidential Information. A stamp or clearly printed statement in the form as follows shall be regarded as sufficient classification:

"CONFIDENTIAL"

Further, where the Confidential Information is in such a form that such a stamp or mark cannot be reasonably placed thereon, then such information shall be designated Confidential Information in such a manner as is reasonable under the circumstances.

8. During the course of any deposition or court testimony, counsel for any party may designate the subject matter of questions and testimony as Confidential. Upon such designation, only the persons authorized by this Protective Order shall remain in attendance. The party who requested the designation then shall serve a copy of this Consent Protective Order upon each officer reporting the deposition and each such officer shall acknowledge on the deposition record that s/he, his/her employees, and his/her agents shall be bound by the terms of this Protective Order. The deposition or court transcripts shall be marked such that the Confidential portions are clearly identified and those portions

4

of the transcript may only be viewed by the individuals authorized by this Protective Order.

9. Nothing in this Order shall prevent disclosure beyond the terms of this Order if the producing party consents in writing to such disclosure or if the Court, after notice to all affected parties, orders such disclosure. This Order shall not limit the parties' right to use their own Confidential Information in any manner they choose, nor shall this Order regulate the manner of receipt of any evidence at trial or the use of documents in the taking of depositions.

10. The provisions of this Order shall not affect the admissibility of evidence at any stage of this proceeding, except as directed by separate order entered for good cause shown, and this Order shall not be construed as a waiver by any party of any objection that might be raised as to the discoverability or admissibility at trial of any document, information or testimony.

11. In the event that any Confidential Information is filed, included in, or referred to in any paper filed with the Court, counsel responsible for such filing shall notify the Clerk of the Court in accordance with the Court's procedures at the time of filing that such paper contains Confidential Information protected by this Order, and shall notify the other parties of the confidential nature of the filing. Any party may seek a Court Order allowing the designated material to be filed under seal. To the extent that the Court does not accept filings under seal, the

parties are not precluded from filing confidential information in support of or opposition to a motion or for any other purpose as long as the provisions of this Confidentiality Order are followed.

12. If any party believes that a document, testimony or other information that has been designated as Confidential Information is not entitled to be treated as such, the party will notify the designating party of its disagreement with the designation within thirty (30) days of the designation. Counsel for the parties shall meet and confer in an attempt to reach an agreement regarding the status of the document, testimony or information within fifteen (15) business days after the opposing party has advised the producing party of its disagreement with the designation. If the matter is not resolved by the parties themselves, the party challenging the status of documents, information or testimony claimed to be restricted by this Order shall bring the dispute before the Court for a determination. Documents, information or testimony designated as Confidential Information pursuant to this Order shall be treated as such unless and until the Court rules otherwise.

13. Except as expressly provided herein, nothing in this Order is intended to limit or have the effect of limiting either party's right to make use of or object to the use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure Act and/or the Federal Rules of Evidence at any time

Atlanta 1729561.1

during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom. Accordingly, subject to the Federal Rules of Evidence, materials protected by this Order may be offered in evidence at trial or at any court hearing or upon any motion in this action subject to such protective measures as may be provided by this Order or directed by the Court. If this matter is tried before a jury, at a minimum, the parties agree to request the Court to instruct the jury as to the protected and confidential nature of the information and order that the information not be disclosed by any person, except as provided in this Order.

14. Either party may at any time seek modification, revision, clarification, or termination of this Order.

15. After the termination of this action, counsel shall collect all copies of all documents or deposition testimony covered by this Order, including copies entrusted to any associates, assistants or employees of counsel, expert witnesses, prospective expert witnesses, or to any other person to whom disclosure has been made pursuant to this Order, and shall forthwith return the same to counsel for the producing party or shall certify the destruction of such documents at the option of the receiving party.

**SO ORDERED**, this 12th day of May, 2014.

_/s/ Walter E. Johnson_
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

## STATEMENT OF CONFIDENTIALITY

By signing this document, I hereby certify that I have read the AGREED PROTECTIVE ORDER entered by the Court in *James Brown and Craig Owens v. Cobb County, Georgia and John R. Houser, Chief of the Cobb County Police Department, in his individual capacity,* Civil Action No. 1:13-cv-1807-WSD-WEJ, pending in the United States District Court for the Northern District of Georgia, and hereby agree to abide by its terms and conditions concerning Confidential Information.  I also understand that any violation of the Confidentiality Order by me or anyone acting under my direction may subject me to penalties for contempt of court.  I hereby consent to that Court's personal jurisdiction over me.

_____
SIGNATURE

_____
NAME (PRINTED)

_____
DATE