IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES BROWN and
CRAIG OWENS,

       Plaintiffs,

    v.

COBB COUNTY POLICE
DEPARTMENT, JOHN R.
HOUSER, and COBB COUNTY,
GEORGIA,

      Defendants.

CIVIL ACTION FILE

NO. 1:13-CV-1807-WSD-WEJ

## **ORDER**

This matter is before the Court on its own motion.  On October 17, 2014,

following the close of discovery in this case, defendants filed two Motions for

Summary Judgment [59, 61].[1]  Plaintiffs responded [72, 73].  Under this Court's

Local Rules, a movant for summary judgment must include with the motion and brief

"a separate, concise, numbered statement of the material facts to which the movant

contends there is no genuine issue to be tried."  N.D. Ga. R. 56.1B.(1).  The

---

[1] The Court favors the filing of a single summary judgment motion that
pertains to all counts on which summary judgment is sought.  Where parties find
themselves struggling to keep a brief within the page limits set in Local Rule 7.1D,
they may request permission from the Court to exceed the page limit.

nonmovant then must submit "[a] statement of additional facts which . . . are material and present a genuine issue for trial." Id. 56.1B.(2)b. This statement must also meet the requirements set forth in 56.1B.(1). Id. 56.1B.(2)b.

Upon examination of the parties' respective statements, the Court finds that defendants and plaintiffs have violated the Local Rules by filing some of the lengthiest statements of facts the undersigned has ever seen. Defendants ask the Court to consider 296 facts they contend are material and undisputed [59-2, 61-2]. Plaintiffs have submitted 347 additional facts, which they claim are material and present genuine issues for trial [72-2, 73-2]. The parties, therefore, have ignored a requirement of 56.1B.(1)—that their statements of proposed facts be "concise." Indeed, the tally—in all, 643 facts—depreciates the extent of the burden placed upon the Court, as a significant number of defendants' numbered facts contain multiple sentences. The Court finds it difficult to believe that a two-plaintiff employment discrimination case is so factually complex. Compiling a statement of facts from these submissions would impose an incredible drain on the Court's limited resources, as the undersigned would be forced to verify hundreds of record citations and resolve hundreds of objections.

Like the Federal Rules of Civil Procedure, the Local Rules are intended "to promote the just, efficient, and economical determination of every action." N.D. Ga. R. 1.1C. To that end, Local Rule 56.1 provides an orderly, efficient, and economical way for the Court to resolve motions for summary judgment. The parties' prolix statements of facts, and the equally long responses they inspired,[2] effectively thwart the purpose of Rule 56.1 and force the Court to engage in a disorderly, inefficient, and uneconomical process of dispute resolution. Therefore, the Court **STRIKES** the statements of proposed facts filed by defendants and plaintiffs [59-2, 61-2, 72-2, 73-2].

The Court **DIRECTS** defendants to file revised statements of material, undisputed facts within fourteen days of the date of this Order. Plaintiffs are **DIRECTED** to file within fourteen days of defendants' submissions (1) revised responses to defendants' statements in accord with Local Rule 56.1B.(2)a,[3] and (2)

---

[2] Plaintiffs' responses to defendants' statement of facts run on for 226 pages.

[3] Plaintiffs should keep in mind that a response to a statement of undisputed material facts "is not an opportunity to write another brief. If the fact stated is true, admit it. If the fact is legitimately disputed, then say why, cite the evidence that supports the denial, and stop." Walker v. United States, IRS, No. 4:07-CV-102-HLM, 2009 WL 1241929, at *3-4 (N.D. Ga. Feb. 26, 2009) (quoting Darnell v. Ga. Power Co., No. 4:04-CV-166-HLM, slip op. at 8 (N.D. Ga. Dec. 21, 2005) (footnote omitted)).

AO 72A
(Rev.8/82)

revised statements of additional facts that they contend are material and present genuine issues for trial. Within fourteen days of plaintiffs' submissions, defendants must file their response to plaintiffs' statements of additional facts.

Before complying with this Order, the parties are **DIRECTED** to review Local Rule 56.1B. The parties' statements must be concise and contain only material facts. Further, plaintiffs' statements should contain "additional" facts; facts that duplicate defendants' facts are unnecessary. The parties are admonished that failure to comply with the instructions contained in this Order may warrant sanctions. See N.D. Ga. R. 16.5 ("Failure to comply with the court's pretrial instructions may result in the imposition of sanctions, including dismissal of the case or entry of a default judgment.").

**SO ORDERED**, this 2nd day of January 2015.


_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

4