IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES BROWN and CRAIG
OWENS,

              Plaintiffs,

v.

COBB COUNTY, GEORGIA, and
JOHN R. HOUSER, in his individual
capacity,

              Defendants.

1:13-cv-1807-WSD

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs James Brown ("Brown") and Craig Owens's ("Owens") (together, "Plaintiffs") Objections [77] to Magistrate Judge Walter E. Johnson's January 2, 2015, Order [74], striking the parties' statements of fact [59.2, 61.2, 72.2, 73.2], and directing them to file revised statements that comply with the Court's Local Rules.

## I.     BACKGROUND

This case arises from alleged discriminatory employment practices in Cobb County, Georgia. Plaintiffs, Lieutenants in the Cobb County Police Department, allege that Defendants Cobb County, Georgia, and John R. Houser, the former Chief of Police for the Cobb County Police Department (together, "Defendants"),

discriminated against them on the basis of their race by failing to promote them to the rank of Captain. Plaintiffs assert claims for violation of the Equal Protection Clause (Count I), race discrimination (Count II) and retaliation (Count III). Owens also alleges that his military service was a substantial or motivating factor in Defendants' decision to deny him a promotion and he asserts claims for discrimination and retaliation in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq. (Counts IV-V).

On May 29, 2013, Plaintiffs filed their Complaint [1], which they amended [3] on June 19, 2013.

On October 17, 2014, Defendants moved for summary judgment on Plaintiffs' shared claims in Counts I-III ("First Motion") [59], and, in a separate motion, for summary judgment on Owens's USERRA claims in Counts IV-V ("Second Motion") [61] (together, the "Motions"). Defendants submitted separate Statements of Material Fact ("First SOMF" [59.2] and "Second SOMF" [61.2]), and Plaintiffs together, and Owens individually, filed corresponding Responses [72, 73] and Statements of Additional Fact ("First SOAF" [72.2] and "Second SOAF" [73.2]).

The length of these six (6) documents is staggering. The parties' submissions, not including their briefs or exhibits, total over 304 pages.[1] Defendants submit 81 pages, consisting of over 296 material facts[2] to which they contend there is no genuine issue to be tried. Plaintiffs and Owens submit 223 additional pages, consisting of their objections to the majority of Defendants' undisputed facts and asserting 347 additional facts which, they claim, are material and present a genuine issue for trial.

On January 2, 2015, Magistrate Judge Walter E. Johnson issued his Order [74], striking the parties' statements of fact and directing them to file revised statements of fact that comply with the Court's Local Rules. The Magistrate Judge found that the parties' statements of fact violated the Court's Local Rules, including because they were not concise and many of Defendants' numbered facts contain multiple sentences. The Magistrate Judge determined that "[c]ompiling a

---

[1] In their responses, Plaintiffs and Owens include the text of Defendants' asserted fact, then state their objection. This adds approximately 81 pages—the length of Defendants' SOMFs—to the total number of pages submitted by Plaintiffs and Owens. Defendants' First SOMF asserts 220 facts spanning 62 pages; Plaintiffs' response totals 183 pages; and Plaintiffs assert 247 additional facts in their 58-page First SOAF. Defendants' Second SOMF asserts 76 facts spanning 19 pages; Owens's response totals 41 pages; and Owens asserts 100 additional facts in his 22-page Second SOAF.

[2] The Court notes that, in violation of Local Rule 56.1, most of the 296 paragraphs Defendants submitted contain multiple facts, and thus the total number of facts Defendants assert is likely much higher.

statement of facts from these submissions would impose an incredible drain on the Court's limited resources, as [the Court] would be forced to verify hundreds of record citations and resolve hundreds of objections," "effectively thwart[ing] the purpose of Rule 56.1 and forc[ing] the Court to engage in a disorderly, inefficient, and uneconomical process of dispute resolution."  (Jan. 2, 2015, Order at 2-3).

On January 16, 2015, Plaintiffs filed their Objections [77], seeking to have the Court vacate or set aside the Magistrate Judge's Order and direct him to consider Plaintiffs' submissions.  In the alternative, Plaintiffs request that the Court "fully consider *de novo* all of the facts contained in Plaintiffs' [SOAFs] . . . upon any eventual Objections that Plaintiffs may file in the event that the Magistrate Judge recommends summary judgment be granted in favor of the Defendants on any of Plaintiffs' claims."  (Obj. at 6).

Also on January 16, 2015, Defendants filed their revised SOMFs.  Defendants do not object to the Magistrate Judge's January 2nd Order and they have not responded to Plaintiffs' Objections.

## II.   DISCUSSION

A magistrate judge has the authority to decide certain nondispositive pretrial matters, and "the court may reconsider any pretrial matter [within the jurisdiction of the magistrate judge] where it has been shown that the magistrate judge's order

is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); see also Fed. R. Civ. P. 72(a) (district judge "must consider timely objections and modify or set aside any part of the [magistrate judge's] order [on a nondispositive pretrial matter] that is clearly erroneous or is contrary to law").

In their Objections, Plaintiffs claim that the Magistrate Judge wrongly "assumed without deciding that the parties had asserted facts that were not material to the resolution of Defendants' Motions for Summary Judgment, and that the parties' responses to each other's asserted facts were not concise." (Obj. at 5). Plaintiffs contend that the length of their submissions were necessary due to the complexity of this case, which involves thirteen (13) promotions over a seven-year period, and because the parties produced over 20,000 pages of documents and conducted seven (7) depositions during discovery. The Court disagrees.

It is well-established that "local rules generally reflect the courts' traditional 'authority to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Reese v. Herbert, 527 F.3d 1253, 1267-68 (11th Cir. 2008) (quoting Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 172-73 (1989)). The Court's Local Rule 56.1B provides:

> (1)   A movant for summary judgment shall include with the motion and brief a separate, *concise, numbered statement of the material facts* to which the movant contends there is no genuine issue to be tried. *Each material fact must be numbered separately* and

supported by a citation to evidence proving such fact. The Court will not consider any fact: (a) not supported by a citation to evidence . . . ; (b) supported by a citation to a pleading rather than to evidence; (c) stated as an issue or legal conclusion; or (d) set out only in the brief and not in the movant's statement of undisputed facts.

>  (2) A respondent to a summary judgment motion shall include the following documents with the responsive brief:
>
>> a. A response to the movant's statement of undisputed facts.
>>
>>> (1) This response shall contain individually numbered, *concise, nonargumentative responses* corresponding to each of the movant's numbered undisputed material facts.
>>>
>>> (2) This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's facts with concise responses supported by specific citations to evidence . . .; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1B(1).
>>
>> . . .
>>
>> b. A statement of *additional facts which the respondent contends are material* and present a genuine issue for trial. Such separate statement of material facts must meet the requirements set out in LR 56.1B(1).

LR 56.1B, NDGa. (emphasis added). The Eleventh Circuit has recognized that the Court's "Local Rule 56.1 protects judicial resources by making the parties organize the evidence rather than leaving the burden upon the district judge," and

6

"streamlines the resolution of summary judgment motions by focusing the district court's attention on what is, and what is not, genuinely controverted." Reese, 527 F.3d at 1268 (internal quotation marks, alterations and citations omitted).

Here, the Magistrate Judge correctly found that Defendants' and Plaintiffs' submissions violate LR 56.1B.  For example, Defendants' First SOMF ¶ 185 states:

> Plaintiff Owens began his employment with the Cobb County Police Department in 1989. (Compl., ¶ 19). Plaintiff Owens was promoted to the rank of Lieutenant on May 23, 2004. (Ex. LL). Plaintiff Owens has a Master's Degree in Public Administration (January 2011), a Bachelor of Science in Criminal Justice (April 2006), a Managerial Certificate from the Georgia Peace Officer Standards and Training Counsel (December 2009), a Graduate Certificate in Pre-Command from the United States Army Command College (December 2009), a graduate certificate in criminal justice from the FBI National Academy (June 2006), and at least eight other relevant criminal justice and management certifications. (Compl., ¶ 34).

(Defs' First SOMF [59.2] ¶ 185).  This three-sentence paragraph contains multiple facts and two of them are supported by citations to a pleading rather than to evidence, in violation of LR 56.1B(1).  Plaintiffs' response also violates the Court's Local Rules:

> RESPONSE: Plaintiffs object pursuant to Local Rule 56.B(2)a.(2)(ii)-(iii) on the grounds that the asserted facts are argumentative in purporting to limit the qualifications of Lt. Owens and the reasons why he was and is a superior candidate for appointment to captain.  Otherwise admitted that Lt. Owens' qualifications include the asserted facts.

(Pls' Resp. [72], page 155). Plaintiffs' objection is wordy, argumentative and without merit. Plaintiffs ultimately admit the facts asserted by Defendants, and despite Plaintiffs' "objection" to it, Defendants' First SOMF ¶ 185 is nearly identical to Plaintiffs' First SOAF ¶¶ 19, 22, 29, which state that "Owens, an African American, joined the Cobb County Police Department in 1989," that he "was promoted to his current rank of Lieutenant in 2004," and that he

> . . . has a master's degree in public administration, a bachelor's of science degree in criminal justice, a graduate certificate in pre-command from the Command General Staff College of the United States Army Command College, five certifications from the Georgia Peace Officers Standards Training council ("P.O.S.T."), and 20 other relevant trainings and certifications in law enforcement, military command, and management.

(Pls' First SOAF [72.2] ¶¶ 19, 22, 29) (citations omitted). That Plaintiffs included, as "*additional* material facts presenting *genuine issues* for trial," the same information regarding Owens's background and qualifications that Defendants stated were undisputed, but to which Plaintiffs objected, exemplifies the inefficient and burdensome litigation strategies Local Rule 56.1 was designed to eliminate. See Reese, 527 F.3d at 1268.

Several of Plaintiffs' responses are broad objections beyond the scope of the facts asserted by Defendants and they repeat the same general, argumentative

8

response. For example, Defendants' First SOMF ¶ 17, and Plaintiffs' response, state:

> E.S. VanHoozer (white male), is a former Police Lieutenant appointed to Captain on September 2, 2012. On the July 27, 2012 Captain's List, VanHoozer's score (93) rendered him highest scoring Candidate under the 2012 Selection Process. (Exhibit S, Tab 4, VanHoozer Appointment to Captain Letter), (hereinafter "Ex. S, 4"); (Ex. O).
>
> RESPONSE: Disputed. Various disciplinary actions of officers other than Plaintiffs, including VanHoozer, were not included in the "scoring" of the candidates for appointment to captain (see Houser Dep. 107:5-16, Ex. 38, pp. 2-3), *and Houser decided for racially discriminatory and/or retaliatory reasons to use only certain factors and criteria in the "defined process."* For example, had he not decided to exclude disciplinary history beyond three years and to exclude driving-related discipline, the officers would not have "scored" what they did. (Daniel Dep. 29:15-30:17; Houser Dep. 93:11-13, 17-94:10, 104:17-21, 105:20-106:5, 156:7-157:5, Ex. 35.) The "final score" is also presented in accordance with a weighting scheme that departs from previous decisionmaking criteria and which *devalues the superior educational, training, and fitness qualifications of Plaintiffs*.
>
> Plaintiffs also object pursuant to Local Rule 56.1.B.(2)a.(2)(ii)-(iii) on the grounds that the asserted facts are conclusory, argumentative, and immaterial because Plaintiffs contend that *any purported selection procedure for captains was, based upon the facts in this case, pretext for unlawful discrimination and/or retaliation.* For all the reasons set forth in Plaintiffs' briefing and their Statement of Additional Material Facts in Support of Their Response in Opposition to Defendants' Motion for Summary Judgment as to Plaintiffs' Section 1981 and Equal Protection Claims, they were and are more qualified for appointment to captain. Otherwise admitted that VanHoozer is a white male and was a lieutenant prior to being appointed to captain on June 27, 2012.

9

(Defs' First SOMF [59.2] ¶ 17; Pls' Resp. [72], pages 15-16) (emphasis added). Plaintiffs' responses to Defendants' First SOMF ¶¶ 15-21 repeat the same argumentative, broad objection to the selection process and the criteria used. (See Pls' Resp. [72], pages 11-22). The Court agrees with the Magistrate Judge that "a response to a statement of undisputed material facts 'is not an opportunity to write another brief. If the fact stated is true, admit it. If the fact is legitimately disputed, then say why, cite the evidence that supports the denial, and stop.'" (Jan. 2nd Order at 3 n.3) (quoting Walker v. United States, No. 4:07-cv-102-HLM, 2009 WL 1241929, at *3-4 (N.D. Ga. Feb. 26, 2009)).

Defendants' decision to file two Motions for Summary Judgment, and two separate, lengthy SOMFs to which Plaintiffs were required to respond, undoubtedly increased the amount of information submitted by the parties. The Court notes, however, that much of Defendants' Second SOMF does not appear to be material to resolution of Owens's claims that he was discriminated against on the basis of his military service,[3] and several of the facts asserted in Plaintiffs' and

---

[3] The "Facts Relating to Plaintiff's Military Leave and Statements Attributed to DPS Director Lloyd and Police Chief Hatfield" begin on page 13, with ¶ 51. Paragraphs 14-34 address, from 2006-2008, the organization, responsibilities, and concerns regarding the Cobb County Animal Control Unit, which led to a reorganization of that unit and eventually the creation of a position for which Owens was not selected. Although Paragraphs 35-50 appear to support why the selecting official thought certain skills were necessary for the position, it is not

10

Owens's SOAFs are identical.  (See Defs' Second SOMF [61.2] ¶¶ 14-50; Compare Pls' First SOAF [72.2] ¶¶ 19-33 and Second SOAF [73.2] ¶¶ 1-17; compare Pls' First SOAF [72.2] ¶¶ 7, 9-14 and Second SOAF [73.2] ¶¶ 28-34).[4]  Many of the facts and responses asserted by the parties throughout their submissions are repetitive, argumentative and not concise, in violation of the Court's Local Rule 56.1B.  The Magistrate Judge did not err in striking the parties' submissions and directing them to revise their submissions to comply with the Court's Local Rules.  Plaintiffs' Objections are overruled.[5]

---

clear whether these background facts are material to Owens's claims that he was discriminated against on the basis of his military service.  That these facts are not referenced in Defendants' Brief in Support of Summary Judgment on Owens's USERRA claims supports that these facts likely are not material to these claims.

[4]   That Plaintiffs defend their redundant and inappropriate SOAFs by claiming that they merely filed SOAFs "totaling a number of facts comparable to the number offered by Defendants," misapprehends the purpose of filing a statement of *additional* material facts presenting a genuine issue for trial.  The Court does not decide summary judgment motions in favor of the party who asserts the greatest number of facts.  The question is whether there is a *genuine* issue of *material* fact, and not how many facts a party asserts, or how many times a fact is asserted.

[5]   The Court notes that the Magistrate Judge did not impose a page limit on the parties' revised submissions, and Plaintiffs have not identified any specific information they may be prevented from presenting in their revised submissions. That Plaintiffs' counsel filed their Objections without a sound legal basis is troubling, particularly in light of the potential to increase the amount of attorneys' fees likely to be sought in this case should Plaintiffs prevail on their claims.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiffs' Objections [74] to Magistrate Judge Walter E. Johnson's January 2, 2015, Order, are **OVERRULED.**

**SO ORDERED** this 1st day of April, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE